In the Matter of STEPHEN SANTORI, Appellant, against MORGAN PARKER, as Chairman of the Zoning Board of Appeals of the Town of Lewisboro, et al., Respondents.— Appeal from an order dismissing petition and order of certiorari, issued under article 78 of the Civil Practice Act to review a decision of the Zoning Board of Appeals of the Town of Lewisboro in denying an application of the petitioner for a variance and a permit for the operation of a gasoline station. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Lewis, P. J., Carswell, Johnston, Adel and Nolan, JJ.

In the Matter of a Plan of Readjustment of the Rights of the Holders of Investments in a Mortgage Covering Premises 310 RIVERSIDE BOULEVARD, CITY OF LONG BEACH, Guaranteed by Bond and Mortgage Guarantee Company. (Guarantee No. 170,928.) In the Matter of BROOKLYN TRUST COMPANY, as Trustee under a Declaration of Trust Dated March 25, 1936, for the Consideration of a Proposed Sale of the Premises Comprising the Trust Estate, Respondent. JESSE N. SCHIFFMAN et al., Appellants; ABRAHAM WERMAN et al., Respondents.— Appeal from order on reargument approving an offer of purchase of certain real property in Long Beach. Order reversed on the law and the facts, without costs, and the proceeding remitted to Kings County Special Term, Part VII, for the purpose of a public advertising of and further bidding for the property, upon the filing of a stipulation by appellants, within five days from the entry of the order hereon, that they will pay for such advertising, and upon the filing of a bond, with corporate surety, by appellant Schiffman, with the trustee, to guarantee that he will bid at least $172,000, all cash, to insure that upon a resale the property will bring at least that amount. In the event that such bond and stipulation be not filed, the order is affirmed, with one bill of $10 costs and disbursements to respondents Brooklyn Trust Company, as trustee, and Werman. Royal Danelli, Inc., is entitled to prosecute this appeal. Toward the close of the court's dealings with the several prospective buyers there seems to have been an inadvertent failure to apprise some of them in respect of the bids of the others. Under these circumstances, a short further delay not being prejudicial, the Special Term should have availed itself of the offer of one of the bidders to pay for a public advertising of the property for bidding at a public sale, upon his guarantee to bid a price in excess of the bid informally approved by the court before that bidder had an opportunity to make a further bid. The matter is remitted to enable this to be done and to assure the certificate holders of the benefit of a better offer. Lewis, P. J., Carswell, Johnston and Nolan, JJ., concur; Hagarty, J., not voting. [See *post*, pp. 823, 843.]

In the Matter of the Accounting of TAW SHEE HOR et al., as Administrators of the Estate of HOO YING YEE, Deceased. TAW SHEE HOR et al., Respondents; GEORGE P. HO, Appellant.— In a proceeding in the Surrogate's Court, Kings County, to settle administrators' accounts, the decree adjudges that the appellant is not the owner of a mortgage on real property to which he made claim, and dismisses his objection to the account, which does not refer to his mortgage. Decree unanimously affirmed, with one bill of costs to respondents, payable out of the estate. No opinion. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ.